[No. 2859.]

## W. F. WHITE *v.* THE STATE.

1. CUTTING AND DESTROYING TIMBER—EVIDENCE—PRACTICE.—To sustain a prosecution for unlawfully cutting timber upon land not his own, the State must prove that the land was not the property of the defendant. One of the modes of such proof prescribed by statute (Article 700 of the Penal Code) is by "verbal testimony of title, or of notorious use and possession of the land by some other person than the defendant." See the opinion *in extenso* for evidence of that character held to be counter-balanced, and therefore insufficient to sustain a conviction.

2. SAME—CHARGE OF THE COURT—CASE STATED.—The State produced evidence to the effect that the land on which the timber was cut was notoriously in the possession and use of a tenant of an alleged owner other than the defendant. The defendant met this testimony with evidence that he, also, at the same time, notoriously possessed and used the land, and claimed it as the property of his wife. Upon this state of facts the court charged the jury as follows: "The State may prove, in prosecutions of this kind, that the land upon which timber is cut was not the land of the defendant, by evidence of the notorious use and possession of the same, at the time of the cutting, by another person; and you are instructed that such proof by the State is sufficient evidence of ownership until contradicted on the part of the defendant by competent evidence that he is the owner of the land." *Held*, that the balanced condition of the testimony demanded further evidence in behalf of the State, and the court should have supplemented the charge quoted with an instruction to the effect that if they believed from the evidence that the defendant, at the time of cutting the timber, also had notorious possession and use of the land, the evidence that another person had such notorious possession and use would not be sufficient proof that the defendant was not the owner of the land.

3. SAME—EVIDENCE.—See the opinion *in extenso* for a state of case wherein it is *held* that both the prosecution and the defense were derelict in not producing upon the trial primary evidence, the existence of which is apparent upon the face of the record.

4. PRACTICE—CHARGE OF THE COURT.—The husband has the legal right to use, manage and control the land of the wife, and to cut timber therefrom; and, in a prosecution of this character, the jury should be instructed to such effect when the evidence involves the question.

APPEAL from the County Court of Wise. Tried below before the Hon. G. B. Pickett, County Judge.

The opinion sets out the charging part of the information. The punishment assessed by a verdict of guilty was a fine of ten

C 1

dollars. The opinion sufficiently discloses the substance of the testimony adduced on the trial.

No brief for the appellant has reached the Reporters.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. This appeal is from a conviction had under Article 697 of the Penal Code, the charge in the information being that the defendant " did, knowingly and without the consent of the owner, cut down, destroy and carry away thirty trees and sticks of timber then and there growing and being situated on the Geo. Wright survey of land in Wise county, Texas, and said land and timber was not then and there the property of said White," etc.

To sustain this charge it devolved upon the State to prove, among other facts, that the timber was not the property of the defendant. (*Belverman* v. *The State,* 16 Texas, 130.) Four different modes of making proof of this essential fact are prescribed (Penal Code, Art. 700); the last of which modes, it seems, was relied upon in this prosecution, viz, "by verbal testimony of title, or of notorious use and posssession of the land by some other person than the defendant." No attempt was made by the State to make the proof by either of the other modes.

It appears that the Geo. Wright survey of land, upon which the timber was cut, contained nineteen hundred and twenty acres. It is claimed by defendant that Geo. Wright died, in 1836, in the military service of the Republic of Texas, leaving his son, John L. Wright, his only heir, and that defendant's wife is the surviving widow and only heir of said John L. Wright, deceased. John L. Wright and his wife at one time lived upon and claimed the land, and, at the time of the alleged offense, the defendant, with his wife, was living upon, using and claiming the land as the property of said defendant's wife by inheritance from George Wright.

In 1840 one John Conner pretended to obtain from Geo. Wright a transfer to said Wright's bounty warrant by virtue of which this land was located, and said Conner thereafter sold the land to one T. J. Allen, and Allen blocked it into small surveys and sold it to various parties, and among others sold to one Payne one hundred and ten acres, and Payne sold the same to Elvira Byers, executing to her therefor a quit claim deed, and

said Elvira Byers, by her tenant, was in possession of and claiming this portion of the Wright survey at the time of the alleged offense. It appears, inferentially only, that the timber alleged to have been cut by defendant was cut from this one hundred and ten acres of land claimed by Elvira Byers, and likewise claimed by the defendant.

It is evident from the statement of facts that the facts of the case were very imperfectly developed upon the trial. On the part of the prosecution the transfer of the Wright certificate to Conner, and the deed from Conner to Allen, and the deed from Allen to Payne, and the deed from Payne to Byers were none of them offered in evidence to prove the ownership of the land to be in Byers. Why this direct proof was not made is not shown, and yet this evidence must have been within reach of the State. Instead of producing it, however, the prosecution relied alone upon evidence that the land was notoriously possessed and used by the tenant of the alleged owner, Elvira Byers. This was met on the part of the defendant with evidence that he also, at the same time, notoriously possessed and used the land, and claimed it as the property of his wife.

Upon this state of facts the court charged the jury as follows: "The State may prove, in prosecutions of this kind, that the land upon which timber is cut was not the land of the defendant, by evidence of the notorious use and possession of the same, at the time of the cutting, by another person; and you are instructed that such proof by the State is sufficient evidence of ownership until contradicted on the part of the defendant by competent evidence that he is the owner of the land." While this charge is substantially in the language of the statute (Penal Code, Art., 700, subd. 4) still, we think, it stopped short of containing all the law applicable to the question of ownership in this case. It appears from the evidence that the possession and use of the land by the defendant was as notorious as was the possession and use of the same by the persons claiming under the Conner title. This balanced condition of the evidence required that the prosecution should adduce additional testimony to turn the scale against the defendant, and the court should have further instructed the jury that, if they believed from the evidence that the defendant, at the time of cutting the timber, also had notorious possession and use of the land, the evidence that another person, at the same time, had such notorious possession and use would *not* be sufficient proof that de-

fendant was not the owner of the land. Where two persons are at the same time in possession of land, and claiming it adversely to each other, other evidence besides the mere possession and claim of the parties is required to determine the question as to which one of the claimants has the superior title; and until such other evidence is adduced the law regards the claim of one as entitled to the same consideration as that of the other.

We learn from a bill of exceptions reserved by defendant that defendant, through an attorney, had obtained a patent for the land in controversy, but the patent was not offered in evidence. It is also disclosed in a bill of exceptions that defendant, in order to obtain this patent, had filed in the General Land Office proof that his wife was the only heir of George Wright, the original grantee of the land, but this proof was not offered in evidence upon the trial. It seems to us that the defendant has it within his power to make satisfactory proof that the land belongs to his wife. By introducing the patent in evidence, and by proving that his wife is the only heir of George Wright, deceased, her title to the land is established. Why this proof was not made we are not informed by the record. It seems that both the prosecution and the defendant relied only upon secondary evidence to establish facts which, for aught that appears from the record, might more easily and far more satisfactorily have been proved by better evidence. It was not even shown who had been paying taxes upon the land. But, as imperfect and vague as is the evidence before us, we are impressed by it with the conviction that the land in controversy is most probably the property of defendant's wife, and that the prosecution has failed to establish the essential fact that the timber was cut from land which did not, within the meaning of the law, belong to the defendant.

And we will here say that the charge of the court was insufficient in another particular. It should have instructed the jury that if they believed from the evidence that the land belonged to defendant's wife, then that the defendant had the legal right to control, manage and use the same, and to cut timber from it. As the charge reads, the jury was not authorized under it to acquit the defendant, although they might have been satisfied that the land was the property of the defendant's wife.

We will not discuss several other questions presented in the record, because we consider them of minor importance, and not likely to arise upon another trial. We think, upon a more careful trial of this case, it can be satisfactorily ascertained whether

or not the defendant has knowingly cut timber upon land not his own, without the consent of the owner of such land or timber. This proof does not appear in the record before us, and we are of the opinion that the defendant has not been legally convicted; wherefore the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

Opinion delivered June 20, 1883.